1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11  NELSON C. BURNS,                                    CASE NO. 07cv1984-JLS (WMc)

12                               Plaintiff,            REPORT AND
                                                      RECOMMENDATION RE:
13            vs.                                      DEFENDANTS' MOTION TO
                                                      DISMISS
14  DECARR, CROOK, VISTA DETENTION
    FACILITY, VISTA SHERIFF'S
15  DEPARTMENT,

16                               Defendant.

17

18            In this prisoner civil rights case, Nelson C. Burns ("Plaintiff"), is proceeding *pro se*

19  and *in forma pauperis* ("IFP") pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a).

20  Plaintiff alleges that Vista Deputy Sheriffs Decarr and Guthrie ("Defendants") violated his

    civil rights while in custody at Vista Detention Facility.

21
    **I. PROCEDURAL BACKGROUND**
22
              On October 12, 2007, Plaintiff filed a civil rights complaint.  March 7, 2008,
23
    Defendants filed a Motion to Dismiss.  On May 1, 2008, Plaintiff filed an Opposition. On
24
    May 6, 2008, Defendants filed a Reply.
25
    **II. FACTUAL BACKGROUND**
26
              On May 21, 2003, Plaintiff was being held in the custody the Vista Sheriff's
27
    Department at the Vista Detention Facility.  According to Plaintiff,  he contacted Defendant
28
    Crook with a request for medical attention.  Plaintiff contends he was "infected with lice or

1 | scapies."  (Compl. at 3.)

2 |       After the night count Plaintiff expected to be taken for medical attention as

3 | previously indicated by Defendant Crook. When Defendant Crook did not arrive, Plaintiff

4 | called (via intercom) to ask about being taken for medical attention.  Plaintiff claims

5 | Defendant Crook told Plaintiff that "he had contacted medical and that the nurse said I had

6 | been treated three days ago." (Compl at 3.)  Plaintiff further alleges Defendant Crook stated

7 | he was going home and "wasn't going to risk taking any bugs home." (Compl. at 3.) When

8 | Plaintiff started to argue, Defendant Crook told Plaintiff to take it up with the next shift.

9 | (Id.)

10 |       Shortly after being told he would not be taken for medical treatment, Plaintiff

11 | contacted Defendant Crook again, this time with complaints of chest pain.  Plaintiff claims

12 | Defendant Crook continued to refuse Plaintiff medical attention. (Id.)  Following,

13 | Plaintiff's last intercom call to Defendant Crook about chest pain, Plaintiff's cellmate

14 | called Defendant Crook "and told him that plaintiff didn't look well. . ." (Id.)  Plaintiff

15 | contends that Defendant Crook responded "I'm on my way Burns and I'm going to fuck

16 | you up." (Id.)

17 |       Several seconds later Defendant Crook entered Plaintiff's cell and "[b]oth

18 | defendants  proceeded to drag the plaintiff down the module stairs roughfully (sic) so."

19 | (Compl. at 4.)  Plaintiff was taken to the medical office and claims he could not properly

20 | respond to the nurses questions because he was threatened with more physical violence if

21 | he did not stay quiet. (Id.)

22 | **III.   DEFENDANTS' FED.R.CIV.P. 12(b)(6) MOTION**

23 |       Defendants seek dismissal of Plaintiff's Complaint on the grounds that the statute of

24 | limitations has expired.

25 |      **1.  Standard of Review**

26 |       A Rule 12(b)(6) motion tests the legal sufficiency of a claim.  *Navarro v. Block*, 250

27 | F.3d 729, 732 (9th Cir. 2001).  A claim may be dismissed only if "it appears beyond doubt

28 | that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).  In deciding such a motion, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill*, 80 F.3d at 338.  Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Navarro*, 250 F.3d at 732 (citing *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1988)).

In addition, when resolving a motion to dismiss for failure to state a claim, the court may generally not consider materials outside the pleadings.  *Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  "The focus of any Rule 12(b)(6) dismissal. . .is the complaint." *Id*. at 1197 n.1.  Finally, where a plaintiff appears *in propria persona* in a civil rights case, the court must also be careful to construe the pleadings liberally and afford plaintiff any benefit of the doubt.  *See Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988); *Bretz v. Kelman*, 773 F.2d 1026, 1027, n.1 (9th Cir. 1985) (en banc). The rule of liberal construction "is particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel.").

Furthermore, dismissal on statute of limitations grounds can be granted pursuant to Fed.R.Civ.P. 12(b)(6) "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statue was tolled." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)(quoting *Jablon*, 614 F.2d at 682).

### 2. Defendants' Claim

Defendants argue that on the face of Plaintiff's complaint all federal claims are barred by the statute of limitations and must be dismissed with prejudice. (MTD at 2.) Specifically, Defendants contend Plaintiff's alleged civil rights claims accrued on May 21, 2003, and Plaintiff's complaint "was not filed until October 12, 2007, nearly four years and

1   five months" after the limitations period began to run. (Id.)  Without citing to applicable

2   case law or statute, Defendants assert "the last date on which plaintiff could have filed a

3   complaint alleging any viable claim for the incident on May 21, 2003, under either state or

4   federal law was May 25, 2005." (Id.)

5          Defendants also briefly acknowledge California Code of Civil Procedure section

6   352.1(a).  Defendants concede CCCP § 352.1(a) "expanded the period within which he

7   could timely sue by two more years."  Thus, Defendants claim "[e]ven if one accepts such

8   argument as true, the Complaint was filed more than four months after the limitations

9   period would have expired on May 21, 2007." (MTD at 3.)

10         In response, Plaintiff asserts "defendants contentions that this action is barred by the

11  applicable statutes of limitations is mistaken when considering plaintiff's entitlement to

12  applicable tolling provisions." (Pl.Opp. at 2.)   According to Plaintiff, he is entitled to

13  equitable tolling "[b]eing that affirmative state action which was completely out of the

14  control of plaintiff hampered the filing of this action." Additionally, Plaintiff contends

15  "plaintiff is entitled to equitable tolling as these extraordinary circumstances stood in

16  plaintiffs way and prevented him from complying with statutory deadlines." (Pl.Opp. at 7.)

17         **3. Discussion**

18         Because section 1983 contains no specific statute of limitation, federal courts apply

19  the forum state's statute of limitations for personal injury actions.  *Jones v. Blanas*, 393

20  F.3d 918, 927 (9th Cir. 2004);  *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004),

21  *cert. denied sub nom. Kempton v. Maldonado*, 125 S. Ct. 1725 (2005); *Fink v. Shedler*, 192

22  F.3d 911, 914 (9th Cir. 1999).  Until December 31, 2002, the applicable statute of

23  limitations for a personal injury claim in California was one year.  *See Jones*, 393 F.3d at

24  927 (citing Cal. Civ. Proc. Code § 3403(3) (West 2002)).  Effective January 1, 2003, the

25  applicable California statute of limitations was extended to two years. *Id.* (citing Cal.Civ.

26  Proc. Code § 335.1 (West 2004)).

27         Moreover, in order to determine whether there is a basis for tolling the statute of

28  limitations federal courts look to state law. *Wallace*, 127 S. Ct. at 1098-99; *Hardin v.*

*Straub*, 490 U.S. 536, 538-39 (1989); *Jones*, 393 F.3d at 927 (explaining that in actions where the federal court borrows the state statute of limitation, the federal court should also borrow all applicable provisions for tolling the limitations period found in state law). Two types of tolling a statute of limitations exist: statutory tolling and equitable tolling.

**a) Statutory Tolling**

Cal Civ Proc Code § 352.1(a) is a statutory tolling provision.  Under Cal.Civ. Proc. Code § 352.1, the limitations period may be tolled for an additional "period of up to two years based on the disability of imprisonment," however, "th[is] tolling provision applies only to plaintiffs 'imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life.'"  *Jones*, 393 F.3d at 927 (citing Cal.Civ. Proc. Code § 352.1(a)).  The tolling provisions of the Cal.Civ.Proc.Code apply "if the disability existed at the time the cause of action accrued."  *Elliot v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1996).

Defendants concede Plaintiff is entitled to the statutory provisions of Cal.Civ.Proc. Code § 352.1(a).  According to Defendants, Plaintiff's statute of limitations period, including the two year statutory tolling period provided by Cal.Code Civ. Proc. § 352.1, expired May 21, 2007.  Defendants note that Plaintiff filed his complaint on October 12, 2007.  Thus, Defendants contend Plaintiff missed filing his lawsuit within the limitations period by four months and twenty-two days.  Defendants also contend Plaintiff is not entitled to equitable tolling.

**b) Equitable Tolling**

Federal courts also apply the forum state's law regarding equitable tolling.  <u>Fink v. Shedler</u>, 192 F.3d 911, 914 (9th Cir. 1999); <u>Bacon v. City of Los Angeles</u>, 843 F.2d 372, 374 (9th Cir. 1988).

Equitable tolling is a judge- made doctrine "'which operates independently of the literal wording of the Code of Civil Procedure' to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Lantzy v. Centex Homes*, 31 Cal.4th 363, 369 (2003) (internal citations omitted). "[T]he effect of equitable tolling is that

1   the limitations period stops running during the tolling event, and begins to run again only

2   when the tolling event has concluded.  As a consequence, the tolled interval, no matter

3   when it took place, is tacked onto the end of the limitations period, thus extending the

4   deadline for suit by the entire length of time during which the tolling event previously

5   occurred." *Id.*

6        Under California law, a plaintiff must meet three conditions to equitably toll a

7   statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must

8   be the product of forces beyond his control; and (3) the defendants must not be prejudiced

9   by the application of equitable tolling.  *See Hull v. Central Pathology Serv. Med. Clinic*, 28

10  Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d

11  313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916.

12       Defendants assert Plaintiff is not entitled to equitable tolling for two reasons: 1)

13  "Plaintiff cannot obtain equitable relief for those disabling conditions of imprisonment

14  expressly provided for and tolled by statute. . .;" 2) Plaintiff cannot sustain a claim of

15  equitable tolling for events that occurred before the statutory tolling period expired. (Reply

16  at 4.)

17       As noted above, Defendants argue Cal. Code Civ. Proc. § 352.1 already provides

18  Plaintiff relief from the standard two year statute of limitations by granting an additional

19  two year statutory tolling period to incarcerated plaintiffs.  Specifically, Defendants

20  contend that Plaintiff cannot invoke equitable tolling because the statutory tolling provision

21  in § 352.1 was intended to cover the same procedural hurdles asserted by Plaintiff in his

22  claim for equitable tolling, *i.e.* a prisoner's "limited ability to investigate [his] claims, to

23  contact lawyers and to avail [himself] of the judicial process." *Elliot v. City of Union City*,

24  25 F.3d 800, 803 (9th Cir. 1994).

25       Defendants provide no persuasive authority to support their argument that Cal.Civ.

26  Code § 352.1 preempts or negates Plaintiff's equitable tolling claim.   Defendants cite

27  *Hardin v Straub*, 490 U.S. 536 (1989) and argue "[t]he Supreme Court has rejected the

28  logic of Plaintiff's reasoning, holding that a federal court applying a state statute of

limitations to a state prisoner's federal civil rights action must also apply the state statute's tolling limitations period for prisoners, which in this case is two years." (Reply at 4.) However, *Hardin* does not address the issue of *equitable* tolling and does not stand for the proposition that a state's statutory tolling provision bars a court's application of equitable tolling. Thus, Defendants reliance on *Hardin* is misplaced.

Defendants further contend Plaintiff cannot "base a claim for equitable relief on statutory disabling events occurring before May 21, 2005 to toll the limitations period that only commenced to run after May 21, 2005." (Reply at 4.)  Defendants provide no legal authority to support this argument.  In *Lantzy v. Centex Homes, et al.*, 31 Cal.4th 363 (August 4, 2003, as modified August 27, 2003), the Supreme Court of California found "[t]he effect of equitable tolling is that the limitations period *stops running* during the tolling event, and begins to run again only when the tolling event has concluded." *Id.* at 370 (emphasis in original).  "As a consequence, the tolled interval, no matter when it took place, is tacked onto the end of the limitations period, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred."  *Id.* at 371. The California Supreme Court went on to explain that "tolling extends the limitations period *no matter when* the tolling event occurred." *Id.*at 371 fn. 5 (emphasis in original). "This produces generally fair results where, as in the usual equitable tolling situation, the underlying limitations period itself is quite short." *Id*.

As noted above "under California law, the running of a statute of limitations may be tolled '[w]here the danger of prejudice to defendant is absent, and the interests of justice so require.'" *Addison v. State*, 21 Cal.3d 313, 319, 146 Cal.Rpt. 224, (1978).  "California courts apply the doctrine of equitable tolling when three conditions are satisfied: namely, (1) the defendant must have had timely notice of the claim; (2) the defendant must not be prejudiced by being required to defend the otherwise barred claim; (3) the plaintiff's conduct must have been reasonable and in good faith." *Id*.

In this case, the documents[1] the Court reviewed show Plaintiff filed a complaint with the San Diego County Sheriff's Department on May 22, 2003, only one day after the incident giving rise to Plaintiff's claims, thereby satisfying the first condition for equitable tolling. ( Pl. Compl. Ex. A p.2.)  Second, since Defendants had notice of Plaintiff's claim the day after the incident arose, they have been on notice and cannot claim surprise or prejudice at having to defend against Plaintiff's claim. (Pl. Compl. Ex. A.)   Third, Plaintiff has been pursuing his claim since May 22, 2003. (Pl. Compl. Ex.A.)  Thus, at this stage of the proceedings the court cannot find "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of [his] claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995).  "[W]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993).

Here, the Defendants have pointed to nothing and the Court finds nothing, on the face of the complaint that would lead us to conclude that Plaintiff's claim is precluded as a matter of law. *Id*. at 1277, fn.6. The Ninth Circuit has repeatedly held "where the applicability of the equitable tolling doctrine depend[s] on factual questions not clearly resolved in the pleading" dismissal is inappropriate. *Supermail Cargo, Inc. v. United States*, 68 F.3d at 1207 (9th Cir. 1995).  *See also*, *Cervantes v. City of San Diego,* 5 F.3d 1273, 1275 (9th Cir. 1993) ("We hold that ordinarily equitable tolling is not properly resolved at the pleading stage.")

In sum, Defendants cannot prevail on their claim that Plaintiff is not entitled to equitable tolling. For these reasons, it is recommended that Defendants motion to dismiss be **DENIED** without prejudice since equitable tolling of the statute of limitations in Plaintiff's case may apply.

---

[1] In determining the propriety of a dismissal pursuant to Fed.R.Civ.Proc. 12(b)(6) the court may not look beyond the complaint and exhibits attached thereto. *Schneider v. California Department of Corrections*, 151 F.3d 1194, 1197 fn.1 (9th Cir. 1998).

07cv1984-JLS (WMc)

**IV. CONCLUSION**

For the reasons set forth above, this Court recommends that the District Court **DENY** defendant's motion to dismiss without prejudice. It is further recommended that Defendants be ordered to file an Answer within 10 days after the district court's ruling.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). On or before **September 1, 2008**, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be filed and served on or before **September 12, 2008**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: August 14, 2008

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

- 9 -

07cv1984-JLS (WMc)