1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11 | NELSON C. BURNS,                           CASE NO. 07-CV-1984-JLS (WMc)

12 |                           Plaintiff,   **ORDER: (1) ADOPTING THE REPORT AND**

13 | vs.                                     **RECOMMENDATION AND (2) DENYING DEFENDANTS'**

14 | DECARR, CROOK, VISTA DETENTION          **MOTION FOR SUMMARY JUDGMENT**

15 | FACILITY, VISTA SHERIFF'S DEPARTMENT,

16 |                           Defendants.   (Doc. Nos. 12, 17.)

17

18      Presently before the Court is Magistrate Judge McCurine's Report and Recommendation

19 ("R&R") advising this Court to deny Defendants' motion to dismiss without prejudice, (Doc. No. 17)

20 and Defendants' objections. (Doc. No. 18.)  For the following reasons, the Court **ADOPTS** the report

21 and recommendation and **DENIES** Defendants' motion to dismiss without prejudice.

22                                    **HISTORY**

23      On May 23, 2003, while being held in custody at the Vista Detention Facility, Plaintiff alleges

24 that he sought medical attention for lice or scapies.  (Compl., at 3.)  Defendant Crook, according to

25 Plaintiff, told him that he would be taken for medical attention after the night count.  (Id.)  However,

26 when that time arrived, defendant claims he was not taken. (Id.)  So, he contacted Defendant Crook

27 again.  This time Defendant Crook allegedly told Plaintiff that he had been treated several days ago,

28 and that he was "not going to risk taking any bugs home" to his family.  (Id.)

1   Shortly thereafter, according to the complaint, Plaintiff began to complain of chest pain.  (<u>Id.</u>)
2   Defendant Crook again refused to bring Plaintiff for medical attention, allegedly telling Plaintiff "that
3   [he] better quit calling him."  (<u>Id.</u>)  Next, Plaintiff's cell mate, Jeff Atkinson, allegedly called for
4   medical help on Plaintiff's behalf.  (<u>Id.</u>)  In response, Plaintiff claims that Defendant Crook "stated
5   that plaintiff was faking it."  (<u>Id.</u>)  When Mr. Atkinson insisted on his claims about Plaintiff's
6   condition, Crook said that he was on his way and that he was "going to fuck you up."  (<u>Id.</u>)

7   When Defendant Crook arrived, he allegedly treated Plaintiff quite harshly, twisting his arm
8   to the point of excruciating pain, and throwing him onto the floor.  (<u>Id.</u>, at 4.)  Defendant Crook then
9   allegedly roughly dragged Plaitniff down the module stairs and eventually to the medical station.  (<u>Id.</u>)
10  According to Plaintiff, he was prevented from talking to the nurse by Defendants' threats resulting in
11  him not receiving the necessary medical care.  (<u>Id.</u>)

12                              **PROCEDURAL BACKGROUND**

13  Plaintiff filed the complaint in this case on October 12, 2007.  (Doc. No. 1.)  On March 7,
14  2008, Defendants filed a motion to dismiss.  (Doc. No. 12.)  On May 1, 2008, Plaintiff filed an
15  opposition, (Doc. No. 14) and on May 6, 2008, Defendants filed their reply.  (Doc. No. 15.)  On
16  August 14, 2008, Magistrate Judge McCurine issued a report and recommendation ("R&R"), advising
17  this Court to deny Defendants' motion without prejudice.  (Doc. No. 17.)  Plaintiffs filed objections
18  to the R&R on September 2, 2008.  (Doc. No. 18.)

19                                 **LEGAL STANDARD**

20  **I.      Review of the Report and Recommendation**

21  Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the
22  duties of the district court in connection with a magistrate judge's report and recommendation.  "The
23  district court must make a *de novo* determination of those portions of the report . . . to which objection
24  is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations
25  made by the magistrate."  28 U.S.C. 636(b)(1)(c); <u>see also</u> <u>United States v. Remsing</u>, 874 F.2d 614,
26  617 (9th Cir. 1989); <u>United States v. Raddatz</u>, 447 U.S. 667, 676 (1980).

27  **II.     Motion to Dismiss**

28  Federal Rule of Civil Procedure 12(b)(6) permits courts to dismiss complaints for two reasons:

1   (1) lack of a cognizable legal theory or (2) pleading of insufficient facts under an adequate theory.

2   Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533–34 (9th Cir.1984).  While a complaint

3   attacked by a motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to

4   provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a

5   formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, —

6   U.S. —, 127 S.Ct. 1955, 1964–65 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

7   "Factual allegations must be enough to raise a right to relief above the speculative level, on the

8   assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965

9   (citations omitted).

10      In reviewing the Rule 12(b)(6) motion to dismiss, the Court must assume the truth of all factual

11   allegations and construe inferences in the light most favorable to the nonmoving party.  Thompson

12   v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Sprewell v. Golden State Warriors, 266 F.3d 979, 988

13   (9th Cir. 2001).  If the Court finds dismissal of the complaint appropriate, it may deny leave to amend

14   under Federal Rule of Civil Procedure 15(a) only if it appears with certainty that the plaintiff cannot

15   state a claim and any amendment would be futile.  See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d

16   655, 658 (9th Cir. 1992); Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th

17   Cir. 1986).

18                                   **ANALYSIS**

19      The central issue in this motion to dismiss is whether Plaintiff's cause of action is timely.

20   Plaintiff filed this complaint on October 7, 2007.[1]  Defendants claim that the last day on which

21   Plaintiff could have timely filed this complaint was May 21, 2007.  Because Plaintiff may be entitled

22   to equitable toling of the statute of limitations, and for the reasons set forth in Magistrate Judge

23   McCurine's R&R, the Court adopts the Report and Recommendations in full.

24      Plaintiff's complaint arises under 42 U.S.C. 1983.  As correctly explained by the R&R, § 1983

25   does not have its own statute of limitations so "courts apply the forum state's statute of limitations for

26

27      [1]  Plaintiff's complaint was actually filed on October 12, 2007.  (Doc. No. 1.)  However, he

28   claims that under the "mailbox rule," he is entitled to have the statute of limitations analysis based on his October 7, 2007 mailing date.  (Opp., at 5 n.1.)  Since Defendants do not object, the Court will use October 7, 2007 as Plaintiff's date of filing.  (Objections, at 3.)

personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)).  California's statute of limitations for personal injury actions is two years.  Id.

Further, as discussed in the R&R, two tolling provisions potentially extend Plaintiff's filing period beyond his filing date.  First, under California statutory law, the statute of limitations is tolled "for a period of up to two years based on the disability of imprisonment," when plaintiffs are "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life."[2]  Id. (quoting Cal. Civ. Proc. Code § 352.1).  Defendants concede that statutory tolling under § 352.1 is appropriate and that Plaintiff had at least four hears to file his complaint.  (Objections, at 3 ("The parties agree that . . . due to [Plaintiff's] imprisonment section 352.1(a) should toll section 335.1's applicable two-year limitation period.").)

Second, a federal court must also, where appropriate, apply the forum state's law regarding equitable tolling.  Jones, 393 F.3d at 927; Fink, 192 F.3d at 914.  "Equitable tolling is a judge-made doctrine 'which operates independently of the literal wording of the Code of Civil Procedure' to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness."  Lantzy v. Centex Homes, 73 P.3d 517, 523 (Cal. 2003) (quoting Addison v. California, 21 Cal. 3d 313, 318–19 (1978)).  When invoked, "the effect of equitable tolling is that the limitations period stops running . . . and begins to run again only when the tolling event has concluded.  As a consequence, the tolled interval, no matter when it took place, is tacked onto the end of the limitations period, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred."  Id., at 370–71.  For a Plaintiff to be eligible for equitable tolling he must prove: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim."  Collier v. City of Pasadena, 142 Cal. App. 3d 917, 924

---

[2]   The Ninth Circuit has noted that "California courts have read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling.'" Id., at 927 n.5 (citing Grasso v. McDonough Power Equipment, Inc., 70 Cal. Rptr. 458, 460–61 (Cal. Ct. App. 1968)).

1  (1983).

2       Magistrate Judge McCurine, in his report and recommendation, found that it would be

3  inappropriate to find that Plaintiff could not possibly demonstrate facts justifying equitable tolling.

4  (R&R, at 8.)  The R&R considered two arguments against equitable tolling: (1) that § 352.1 expressly

5  precludes equitable tolling based on the disabling conditions of imprisonment and (2) that events

6  occurring prior to the expiration of the statutory tolling period should not be considered for equitable

7  tolling purposes.  (Id., at 6.)  The R&R rejected both of these arguments.  First, Magistrate Judge

8  McCurine found Defendants presented no persuasive authority supporting express preclusion of

9  equitable tolling in this case.  (Id., at 6–7.)  Next, the R&R found Defendants' second argument

10  incorrect because, according to the California Supreme Court, "tolling extends the limitations period

11  no matter when the tolling event occurred."  (Id., at 7 (quoting Lantzy, 73 P.3d at 523).)  Thus, the

12  relevant question became whether Plaintiff could possibly state facts justifying equitable tolling.

13  Finding that it did not appear beyond doubt that Plaintiff could prove no set of facts that would

14  establish the timeliness of his claim, the R&R recommended denying Defendants' motion without

15  prejudice.  (Id., at 8.)

16       Defendants' objections attack both conclusions in the R&R.  Primarily, Defendants argue that

17  "the Legislature's express intent [in passing § 352.1 was] that the disability term for imprisonment

18  must never exceed two years."  (Objections, at 5.)  Therefore, according to Defendant, § 352.1

19  overrides the application of equitable tolling.  (Id.)  The Court disagrees.  The express language of §

20  352.1 does not exclude the possibility of a court equitably tolling the statute of limitations for reasons

21  other than the simple fact of incarceration.  This tolling statute provides:

22       (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with

23       Section 335), is, at the time the cause of action accrued, imprisoned on a criminal

24       charge, or in execution under the sentence of a criminal court for a term less than for

25       life, the time of that disability is not a part of the time limited for the commencement

26       of the action, not to exceed two years.

27  Cal. Code Civ. Proc. § 352.1(a).

28

07cv1984

1    According to the California Supreme Court, "[t]he Legislature may preclude equitable tolling

2    by stating its intention 'to disallow tolling under any circumstances not enumerated in the statute.'"

3    Lantzy, 73 P.3d at 524 (quoting Laird v. Blacker, 828 P.2d 691, 698 (Cal. 1992)).  "Moreover,

4    equitable tolling should not apply if it is 'inconsistent with the text of the relevant statute' or

5    contravenes legislative policy."  Id. (quoting United States v. Beggerly, 524 U.S. 38, 48 (1998)).

6    None of these situations apply to § 352.1.  First, the Legislature did not state an intention to disallow

7    tolling other than as provided in the statute.  The legislature's intent, plain on the face of the statute,

8    is to limit tolling based solely on the fact of incarceration to two years.  It does not express an intent

9    to preclude equitable tolling based on circumstances other than "that disability," that is, incarceration.

10   Thus, this statute does not expressly preclude equitable tolling, nor is such tolling "inconsistent with

11   the [statute's] text."  Beggerly, 524 U.S. at 48.

12   Secondly, allowing Plaintiff to invoke equitable tolling in this case does not contravene

13   legislative policy.  The Court has been unable to find a clear legislative policy that would be

14   undermined by allowing equitable tolling in this case.  Defendants cite legislative materials indicating

15   that the legislature intended to limit prisoners' ability to bring lawsuits based on old and difficult to

16   prove or disprove facts.  (Objections, at 4.)  This intent, however, does not preclude equitable tolling.

17   Under the previous version of this statute, the statute of limitations was tolled for the entirety of an

18   imprisonment on a criminal charge.  Cal. Code Civ. Pro.§ 352(a)(3) (1993) (amended 1994) ("If a

19   person entitled to bring an action . . . be . . . imprisoned on a criminal charge . . . the time of such

20   disability is not part of the time limited for the commencement of the action.").  This text created the

21   potential for extreme delays in filing lawsuits.  Section 352.1's time limit corrects this extended tolling

22   provision by limiting tolling solely under the fact of incarceration to a maximum of two years.  In this

23   case, four additional months of delay does not make the facts substantially older or more difficult to

24   prove.  Thus equitable tolling in this case is compatible with both the text and the purpose of § 352.1.

25   Defendants focus on some specific arguments Plaintiff makes in favor of equitable

26   tolling—specifically, time spent in administrative exhaustion and time when the prison limited his

27   access to legal materials—claiming that these are subsumed within § 352.1.  (Objections, at 4–5.)

28   Defendants did not provide Magistrate Judge McCurine with persuasive authority justifying either of

1  these objections. (R&R, at 6–7.)  Defendants' objections attempt to cure this defect.  However, their

2  citations are unpersuasive.  Many of the cases Defendants cite involve equitable tolling of *habeas*

3  *corpus* actions under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  These cases do

4  not help Defendants' argument because the standard for equitably tolling the statute of limitations in

5  these cases differs from the standard applied by California courts.  Compare Roy v. Lampert, 465 F.3d

6  964, 969 (9th Cir. 2006) (noting that in AEDPA cases, "[e]quitable tolling is applicable only 'if

7  extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time'"

8  (quoting Calederon v. United States Dist. Court, 128 F.3d 1283, 1288 (9th Cir. 1997)) with Lantzy,

9  73 P.3d at 523 ("Equitable tolling is a judge-made doctrine 'which operates independently of the

10  literal wording of the Code of Civil Procedure' to suspend or extend a statute of limitations as

11  necessary to ensure fundamental practicality and fairness."  (quoting Addison, 21 Cal.3d 318)).

12       The rest of Defendants' cases are similarly unavailing.  The Court is unconvinced that

13  Gutierrez v. Butler, 2008 WL 436948, an R&R adopted by a district court judge, was correctly

14  decided.  That case found that a disability coexisting with the § 352.1 period was subsumed by that

15  statutory provision.  Id., at *3.  However this appears to conflict with the California Supreme Court's

16  holding in Lantzy that "the tolled interval, no matter when it took place, is tacked onto the end of the

17  limitations period, thus extending the deadline for suit by the entire length of time during which the

18  tolling event previously occurred."  Lantzy, 73 P.3d at 523.  Furthermore, Defendants' claim that

19  Palmer v. California Dept. of Corrections, 2007 U.S. Dist. LEXIS 71001, forbids equitable tolling here

20  is simply wrong.  Palmer involved a motion for summary judgment that a claim, filed two years after

21  the running of the statute of limitations, was time barred.  Id., at *23.  That decision held that the facts

22  of that case did not establish an equitable basis for tolling.  See id., at *22–23.  This Court need not

23  determine whether that case was correctly decided because it involved a summary judgment motion

24  rather than a motion to dismiss.  There, the plaintiff had been able to develop the facts to oppose the

25  defendants' motion for summary judgment, whereas in this case no factual development has yet

26  occurred.  Moreover, Plaintiff's claim in this case was filed with much greater proximity to the

27  running of the statute of limitations than was the case there.  Thus, Defendants have still not shown

28  that, as a matter of law, Plaintiff is not entitled to equitable tolling.

As Magistrate Judge McCurine's R&R found, Plaintiff has plead facts which could potentially justify equitable tolling.  (R&R, at 8.)  He has diligently pursued his claim, Defendants had prompt notice of that claim, and the situation appears to be the product of forces beyond Plaintiff's control.  (See id.)  As the Ninth Circuit has stated: "where the applicability of equitable tolling doctrine depend[s] on factual questions not clearly resolved in the pleading," dismissal is inappropriate.  Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995).  The Court will not exceed its authority by dismissing Plaintiff's claims at this stage of the litigation.

**CONCLUSION**

For these reasons, the Court **ADOPTS** the R&R in full.  Defendants' motion to dismiss is **DENIED** without prejudice.  Defendants may, if they so choose, renew these objections in a summary judgment motion filed at an appropriate stage of this action.  Defendants **SHALL FILE** an answer by December 19, 2008.

IT IS SO ORDERED.

DATED:  December 3, 2008

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge