1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11   NELSON C. BURNS,

12                                    Plaintiff,

13         vs.

14

15   DECARR, CROOK, VISTA DETENTION
     FACILITY, VISTA SHERIFF'S
16   DEPARTMENT,

17                                    Defendants.

18

CASE NO. 07-CV-1984-JLS (WMc)

**ORDER: (1) ADOPTING REPORT
AND RECOMMENDATION, AND
(2) GRANTING IN PART AND
DENYING IN PART
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

(Doc. Nos. 32 & 42)

19          Presently before the Court is Defendants' motion for summary judgment.  (Doc. No. 32.)

20   Plaintiff has opposed this motion and Defendants have filed a reply. (Doc. Nos. 33 & 34.) Magistrate

21   Judge McCurine issued a Report and Recommendation (R&R) to this Court advising that Defendants'

22   motion should be granted in part and denied in part.  (Doc. No. 42.)  Both Plaintiff and Defendants

23   have objected to this conclusion and Defendants have replied to Plaintiff's objections.  (Doc. Nos. 43,

24   45, & 46.)   Having considered all of the parties filings, the Court **ADOPTS** Magistrate Judge

25   McCurine's R&R and **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for summary

26   judgment.[1]

27   _____

28          [1]  Also before the Court is Plaintiff's motion for judicial notice.  (Doc. No. 44.)  Plaintiff's
     motion is **GRANTED**.

**FACTUAL BACKGROUND**

The allegations in this matter were correctly set forth in the R&R and not objected to by either party.  (R&R at 2.)  They are again noted here for the sake of clarity.

Plaintiff was being held in custody at the Vista Detention Facility, when he sought medical attention for lice or scapies.  (Compl. at 3.)  However, when the time arrived for Plaintiff to be taken to the medical facilities, Defendant Yapette Crook, who was to escort Plaintiff, did not arrive.  (*Id.*)  Plaintiff then contacted Defendant Crook via intercom.  Defendant Crook allegedly told Plaintiff that Plaintiff had been treated several days before, and that Defendant Crook was "not going to risk taking any bugs home" to his family.  (*Id.*)

Shortly afterward, Plaintiff began to complain of chest pain but Defendant Crook again refused to bring Plaintiff for medical attention, allegedly telling Plaintiff "that [he] better quit calling him." (*Id.*)  Next, Plaintiff's cell mate, Jeff Atkinson, called for medical help on Plaintiff's behalf but Defendant Crook "stated that plaintiff was faking it." (*Id.*)  When Mr. Atkinson persisted, Defendant Crook said that he was on his way and that he was "going to fuck [Plaintiff] up." (*Id.*)

When Defendant Crook arrived, "[b]oth defendants proceeded to drag the [P]laintiff down the module stairs roughfully (sic) so." (*Id.* at 4.)  According to Plaintiff, he was prevented from talking to the nurse by Defendants' threats resulting in him not receiving the necessary medical care.  (*Id.*)

**PROCEDURAL BACKGROUND**

Plaintiff filed the complaint in this case on October 12, 2007.  (Doc. No. 1.)  On March 7, 2008, Defendants filed a motion to dismiss.  (Doc. No. 12.)  On December 3, 2008, the Court, adopting Magistrate Judge McCurine's R&R, denied the motion.  (Doc. No. 19.)  Defendants filed their answer on December 8, 2008.  (Doc. No. 20.)  The present motion for summary judgment was filed on July 16, 2009.  (Doc. No. 32.)  Magistrate Judge McCurine filed his R&R on January 29, 2010.  (Doc. No. 42.)

//

//

//

1

**LEGAL STANDARD**

2

**I.       Review of the Report and Recommendation**

3        Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the

4    duties of the district court in connection with a magistrate judge 's report and recommendation.  "The

5    district court must make a *de novo* determination of those portions of the report . . . to which objection

6    is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations

7    made by the magistrate."  28 U.S.C. 636(b)(1)(c); *see also United States v. Remsing*, 874 F.2d 614,

8    617 (9th Cir. 1989); *United States v. Raddatz*, 447 U.S. 667, 676 (1980).  However, the Court has no

9    obligation to review a legal conclusions to which neither party objects. *Schmidt v. Johnstone*, 263 F.

10    Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

11    Cir. 2003) (en banc).

12

**II.      Motion for Summary Judgment**

13        Federal Rule of Civil Procedure 56 permits a court to grant summary judgment where (1) the

14    moving party demonstrates the absence of a genuine issue of material fact and (2) entitlement to

15    judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The initial burden

16    of establishing the absence of a genuine issue of material fact falls on the moving party. *Celotex*, 477

17    U.S. at 323.  The movant can carry his burden in two ways: (1) by presenting evidence that negates

18    an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party

19    "failed to make a sufficient showing on an essential element of her case with respect to which she has

20    the burden of proof." Id. at 322–23.

21        Once the moving party establishes the absence of genuine issues of material fact, the burden

22    shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains.

23    *Celotex*, 477 U.S. at 324.  The nonmoving party cannot oppose a properly supported summary

24    judgment motion by "rest[ing] on mere allegations or denials of his pleadings." *Anderson*, 477 U.S.

25    at 256.  When ruling on a summary judgment motion, the court must view all inferences drawn from

26    the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*

27    *v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

28

**ANALYSIS**

**I.   STATUTE OF LIMITATIONS**

In their motion, Defendants make two arguments in favor of summary judgment.  First, they assert that Plaintiff is not entitled to equitable tolling of the two-year limitations period.  (Memo. ISO Motion at 6–8.)  However, Judge McCurine found that "Plaintiff is entitled to equitable tolling for the period he was pursuing his alternative legal theories," granting him an additional 243 days to file his complaint.  (R&R at 7.)  As such, Judge McCurine recommended denying Defendants summary judgment on this argument.  (*Id.* at 8.)

Defendants, objecting to this conclusion, argue that equitably tolling the limitations period would be improper when the events justifying tolling occurred during a period of statutory disability for incarceration.  (Def.'s Objections at 3.)  Of course, this objection runs smack into the law of the case doctrine.

"Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case."  *United States v. Bad Marriage*, 439 F.3d 534, 538 (9th Cir. 2006) (quoting *Minidoka Irrigation Dist. v. Dep't of Interior*, 406 F.3d 567, 573 (9th Cir. 2005)).  This Court's Order dated December 3, 2008 held that "§ 352.1[2] does not exclude the possibility of a court equitably tolling the statute of limitations for reasons other than the simple fact of incarceration."  ((Doc. No. 19 at 5.)  It further held that a "'tolled interval, *no mater when it took place*, is tacked onto the end of the limitations period, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred.'" (Doc. No. 19 at 7 (quoting *Lantzy v. Centex Homes,* 73 P.3d 517, 523 (Cal. 2003)) (emphasis added).)  The clear import of that decision was that it is not improper as a matter of law to find an entitlement to equitable tolling during the period of disability created by section 352.1.

There are three exceptions to the law of the case doctrine: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."

---

[2]  California Code of Civil Procedure § 352.1(a) tolls the statute of limitations for actions which accrue when a prisoner is incarcerated for up to two years.

1   *Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002) (citation omitted).  None of these

2   exceptions apply in this case.  Therefore, this Court will not reexamine its prior legal determination.

3       Thus, the only proper basis for challenging the Report and Recommendation would be its

4   factual findings regarding Plaintiff's entitlement to tolling.  (*See* R&R at 7–8.)  However, Defendants

5   do not challenge either the factual findings regarding Plaintiff's administrative complaints or the

6   conclusion that those facts satisfy the conditions required for equitable tolling.  Therefore, the Court

7   **ADOPTS** the R&R with respect to the question of whether Plaintiff's complaint was timely and

8   **DENIES** this aspect of Defendants' motion for summary judgment.

9   **II.   EIGHTH AMENDMENT EXCESSIVE FORCE CLAIMS AGAINST DEFENDANT DACAR[3]**

10       Defendants' second argument in favor of summary judgment is limited solely to Defendant

11   Christopher Dacar.  (Memo. ISO Motion at 8–9.)  They claim that Dacar cannot be liable under the

12   Eighth Amendment because Plaintiff "admits Defendant Dacar never touched him during the incident

13   for which he claims injury and did nothing more than tell Burns to "shut up."  (*Id.* at 9.)  Judge

14   McCurine agreed, finding that "there is no genuine issue of material fact left in dispute with respect

15   to Defendant [Dacar] causing Plaintiff physical harm through the use of excessive force."  (R&R at

16   9.)  Therefore, the R&R recommends granting summary judgment in favor of Defendant Dacar.  (*Id.*)

17       Plaintiff objected to this conclusion.  He argues that he "is not arguing excessive force against

18   me," but instead "that Officer Dacar . . . violated [his] rights under the 8th Eighth (sic) Amendment

19   to be free from harm."  (Pl.'s Objections at 2.)  This argument is both incorrect and off point.

20       First, Plaintiff has asserted an excessive force claim against Defendant Dacar.  The Complaint

21   specifically alleges that Defendant Dacar used "excessive force violative of the 8th Const[itutional]

22   Amend[ment]."  (Compl. at 2.)  To the extent his objections claim otherwise, they are incorrect.

23       Second, the R&R does not address any Eighth Amendment failure to protect claims that

24   Plaintiff's complaint might raise, only an Eighth Amendment excessive force claim.  (*See* R&R at 8–9;

25   *see also Robins v. Centinela State Prison*, 19 Fed. App'x. 549, 551 (9th Cir. 2001) (unpublished)

26   (treating separately the plaintiff's claims of excessive force from his claims for failure to protect).)

27   _____

28       [3]  The Complaint, the R&R, and this Order's caption refer to Defendant Dacar as Defendant
    Decarr.  (*See* Compl. at 1; R&R at 8.)  This Order will refer to him by his actual name rather than the
    name listed on the pleadings.

07cv1984

1   And, since, unlike a failure to protect claim, an excessive force claim requires the actual use of
2   "force," partial summary judgment must be granted in favor of Defendant Dacar on this single claim.
3   *See generally Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).  Because, as Plaintiff has
4   admitted, Defendant Dacar never "put his hands on" Plaintiff.  (Memo. ISO Motion, Ex. B at 23.)

5          Therefore, as recommended by Magistrate Judge McCurine, on this question Defendants'
6   motion is **GRANTED**.  However, the Court notes that summary judgment here is limited *solely* to the
7   allegation that Defendant Dacar used excessive force in violation of the Eighth Amendment and does
8   not affect any asserted claims that Dacar violated the Eighth Amendment by failing to protect Plaintiff.

9                                          **CONCLUSION**

10         For the reasons stated, the Court **ADOPTS** Magistrate McCurine's Report and
11  Recommendation.   Further, both Plaintiff's and Defendants' objections to the R&R are
12  **OVERRULED**.  Defendants' motion for summary judgment is **GRANTED** as to Defendant Dacar's
13  liability for violating the Eighth Amendment by using excessive force.  The remainder of Defendant's
14  motion for summary judgment is **DENIED**.

15         IT IS SO ORDERED.

16

17  DATED:  March 2, 2010

18                                      _____
                                        Honorable Janis L. Sammartino
19                                      United States District Judge

20

21

22

23

24

25

26

27

28

07cv1984