# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON C. BURNS,<br><br>                  Plaintiff,<br>  vs.<br><br>DECARR, CROOK, VISTA DETENTION FACILITY, VISTA SHERIFF'S DEPARTMENT,<br><br>                  Defendants. | CASE NO. 07-CV-1984 JLS (WMc)<br><br>**ORDER: DENYING MOTION TO APPOINT COUNSEL**<br><br>(ECF No. 69) |

On October 31, 2007, Magistrate Judge William McCurrine denied Plaintiff's initial request for appointment of counsel. (ECF Nos. 3, 5.) On February 24, 2011, Plaintiff submitted a second request for appointment of counsel. (Mot., ECF No. 69.) After considering Plaintiff's submission, the Court finds that Plaintiff has failed to demonstrate that new "exceptional circumstances" exist to justify appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Accordingly, Plaintiff's motion is **DENIED**.

There is no constitutional right to appointed counsel for § 1983 claims. *Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts have discretion to appoint counsel to represent indigent litigants. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to

1    articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman v. Corr. Corp.*
2    *of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th
3    Cir. 1986)).

4        Plaintiff requests counsel because this case involves complex legal issues and "at-all-times
5    [sic] Plaintiff has strictly relied upon the assistance of" fellow prisoners to prosecute the action. (Mot.
6    5.) Plaintiff submits that he has "absolutely no understanding as how to effectively prosecute this
7    matter." (Burns Decl., ECF No. 69.)

8        Having reviewed Plaintiff's factual assertions and arguments, the Court finds no basis for
9    reversing its prior decision. Contrary to Plaintiff's assertion, this is not a complex case. Plaintiff
10   complains that Defendants denied him access to necessary medical care and used excessive force
11   against him. (Compl. 3, ECF No. 1.) And regardless of whether Plaintiff's fellow inmates assisted
12   him in filing and prosecuting this action, Plaintiff has adequately articulated his claims pro se such
13   that the Court can discern both the factual and legal basis of his claims. Indeed, Plaintiff prevailed,
14   in part, against Defendants' motion for summary judgment. (ECF No. 47.) Thus, it appears Plaintiff
15   has a more than sufficient grasp of his case and the legal issues involved, and no exceptional
16   circumstances exist to justify appointment of counsel. Accordingly, Plaintiff's second motion for
17   appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is **DENIED**.

18       **IT IS SO ORDERED.**

20   DATED: July 18, 2011

                                *Janis L. Sammartino*
                                Honorable Janis L. Sammartino
                                United States District Judge